

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MARIE E. PIERRE,                    :    Case No.
                Plaintiff,          :
                                    :    COMPLAINT
     -against-                      :
                                    :    Plaintiff Demands
ARCHCARE, INC.                      :    Trial by Jury
                                    :
                Defendant.          :
------------------------------------x
```

Plaintiff MARIE E. PIERRE, by her attorneys, Law Office of Michael L. Ferch, as and for her Complaint, hereby alleges as follows:

### Preliminary Statement

1. Plaintiff Marie E. Pierre brings this civil action against her former employer, ArchCare, Inc. (hereinafter referred to as "ArchCare"), for purposeful and intentional disability discrimination against plaintiff in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as well as retaliation and age discrimination in violation of plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*), 42 U.S.C. § 1983, the New York State Human Rights Law (McKinney's Executive Law § 290 *et seq.*) and New York City Human Rights Law (New York City Administrative Code § 8-101 *et seq.*).

2. As a result of defendant's discriminatory, retaliatory and other wrongful conduct, plaintiff seeks compensatory and punitive damages, as well as interest, costs and attorneys' fees

pursuant to applicable Federal and state laws.

### The Parties

3. Plaintiff Marie E. Pierre ("Pierre") is a resident of Brooklyn, State of New York. Pierre is a female over the age of 40 years old.

4. Defendant ArchCare, Inc. ("ArchCare"), upon information and belief, is a private business entity authorized to do business in or otherwise operating in New York State pursuant to the laws of the State of New York, with its business headquarters and principal place of business at 150 Riverside Drive, New York, New York 10024. At all times pertinent hereto, defendant ArchCare was and is engaged in providing health services to the elderly. Upon information and belief, ArchCare employs several hundred full-time employees.

### Jurisdiction and Venue

5. The amount in controversy herein exceeds Seventy-Five Thousand ($75,000) Dollars exclusive of interest and costs.

6. The Court has jurisdiction of this action based on 42 U.S.C. § 12101, 42 U.S.C. § 2000, 28 U.S.C. §§ 1331, 1343, and this Court's pendent jurisdiction.

7. Venue in this District is proper pursuant to 15 U.S.C. §§1391(a)(1) and (2) in that the defendant ArchCare has its principal place of business in and resides in, and a substantial part of the events or omissions giving rise to the claims herein occurred in, the Southern District of New York.

8. Pierre filed a Complaint with the U.S. Equal Employment Opportunity Commission on Human Rights on or about May 24, 2013, and has received a Notice of Right To Sue, dated July 25, 2013. (A copy of the Notice of Right To Sue is annexed hereto as Exhibit "A").

9. Pierre received the Notice of Right to Sue on or about July 27, 2013. This action has been brought within ninety (90) days of receipt of the Notice of Right To Sue.

## Statement of Facts

10. Plaintiff Pierre was employed by defendant ArchCare on a full-time basis beginning in or about 2001, as a Certified Nurses Aide (CNA).

11. Throughout her employment by ArchCare, Pierre met or exceeded ArchCare's performance expectations and received favorable performance reviews, including raises and promotions.

12. In or about 2012, Pierre made it clear to ArchCare personnel that she intended to retire in June 2013.

13. While employed at ArchCare, Pierre made several complaints to ArchCare's management about unfavorable treatment, cover-ups and favoritism.

14. Pierre repeatedly disclosed to management the unsafe and unfair activities of ArchCare in violation of the Federal, State and local anti-discrimination laws and health care laws.

15. Further, in or about July 2012, Pierre informed ArchCare that she needed medically-necessary operations on both

legs for the treatment of diabetes.

16. Rather than allow these surgeries to take place, Pierre was informed she would need to take an unpaid leave of absence, effectively preventing Pierre from having the necessary surgeries.

17. Since Pierre could not afford to take time away from work without pay, she continued to work in pain at ArchCare.

18. Pierre was terminated by ArchCare on or about October 10, 2012 due to "alleged resident neglect, jeopardizing the safety and welfare of a resident and unacceptable performance."

19. Pierre was retaliated against by ArchCare, by being fired because she needed surgery and because she had repeatedly disclosed to management the unsafe and unfair activities of ArchCare in violation of the Federal, State and local anti-discrimination laws and health care laws.

20. Since her termination in October 2012, despite reasonable efforts, Pierre has not been able to find comparable employment.

## COUNT I – DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

21. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

22. Pierre suffers from the disease of diabetes, which meets the criteria of a disability under 42 U.S.C. § 12112.

23. ArchCare expressly terminated Pierre on account of her

4

disability in violation of 42 U.S.C. § 12112.

24. ArchCare failed to offer Pierre, a qualified individual within the meaning of the Americans With Disabilities Act, a reasonable accommodation for her disability in violation of 42 U.S.C. § 12112.

25. ArchCare lacked any business reason or justification for its aforesaid adverse employment action against Pierre.

26. ArchCare's conduct was intentional and with malice or reckless indifference to Pierre's rights.

27. As a result of ArchCare's conduct, Pierre has suffered and will continue to suffer substantial losses, including past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages.

### COUNT II - DISABILITY DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

28. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

29. By the acts and practices described above, including but not limited to, terminating Pierre's employment on account of her disability, and refusing to accommodate her disability, ArchCare discriminated against Pierre in the terms and conditions of her employment on the basis of disability in violation of the New York State Executive Law.

30. Defendant ArchCare is liable as Plaintiff's "employer" pursuant to the New York State Executive Law.

31. ArchCare lacked any business reason or justification for its aforesaid adverse employment action against Pierre.

32. ArchCare's conduct was intentional and with malice or reckless indifference to Plaintiff's rights.

33. As a result of ArchCare's conduct, Pierre has suffered and will continue to suffer substantial losses, including past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages.

**COUNT III – DISABILITY DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

34. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

35. By the acts and practices described above, including but not limited to, terminating Pierre's employment on account of her disability, and refusing to accommodate her disability, ArchCare discriminated against Pierre in the terms and conditions of her employment on the basis of disability in violation of the New York City Administrative Code.

36. Defendant ArchCare is liable as Plaintiff's "employer" pursuant to the New York City Administrative Code.

37. ArchCare lacked any business reason or justification for its aforesaid adverse employment action against Pierre.

38. ArchCare's conduct was intentional and with malice or reckless indifference to Pierre's rights under the Administrative Code of the City of New York §§ 8-107 et seq., as amended.

39. As a result of ArchCare's conduct, Pierre has suffered and will continue to suffer substantial losses, including past and future earnings and other employment benefits, and has suffered other monetary damages and compensatory damages.

**COUNT IV - RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

40. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

41. Plaintiff alleges that ArchCare, with and through its employees and agents, engaged in various illegal and retaliatory actions against Plaintiff as a result of her opposition to disability discrimination and a hostile work environment and as a result of her making such complaints to ArchCare.

42. Pierre complained to ArchCare about the manner in which she was being treated. Pierre specifically indicated that she believed she was being discriminated against and treated unfavorably as a result of her disability. Pierre's complaints were ignored.

43. Defendant repeatedly and successfully retaliated against Pierre for making complaints of violations of her civil rights, including those protected under Title VII.

44. As a direct result of Defendant's retaliatory behavior, plaintiff Pierre has suffered and will continue to suffer past and future economic, physical and emotional harm in an amount to be determined at trial.

## COUNT V - RETALIATION IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296

45. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

46. Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of her disability.

47. Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

48. Plaintiff alleges that Defendant engaged in various retaliatory actions against her as a result of her opposition to disability discrimination and as a result of her making such and other complaints to ArchCare.

49. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendant, she suffered the indignity of disability discrimination and great humiliation.

50. Plaintiff alleges that Defendant's violations caused her damage and that Pierre has suffered and will continue to suffer past and future economic harm in an amount to be determined at trial.

## COUNT VI - RETALIATION IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-107

51. Plaintiff repeats and realleges each and every

allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

52. Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of her disability.

53. Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

54. Plaintiff alleges that Defendant engaged in various retaliatory actions against her as a result of her opposition to disability discrimination and as a result of her making such and other complaints to ArchCare.

55. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendant, she suffered the indignity of disability discrimination and great humiliation.

56. Plaintiff alleges that Defendant's violations caused her damage and that Pierre has suffered and will continue to suffer past and future economic harm in an amount to be determined at trial.

**COUNT VII - HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

57. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58. Plaintiff alleges that New York City Administrative Code

§ 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of her disability.

59. Plaintiff alleges that the law also makes it unlawful to create an atmosphere where disability discrimination and/or retaliation are encouraged and/or tolerated.

60. Plaintiff alleges that Defendant engaged in various hostile actions against her as a result of her opposition to disability discrimination and as a result of her making such and other complaints to ArchCare.

61. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendant, she suffered the indignity of disability discrimination and great humiliation.

62. Plaintiff alleges that Defendant's violations caused her damage and that Pierre has suffered and will continue to suffer past and future economic harm in an amount to be determined at trial.

## Prayer for Relief

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from Defendant ArchCare, in an amount to be determined at trial, but in no event less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages; One Million Dollars ($1,000,000.00) in punitive damages; the costs and disbursements of this action, including reasonable attorneys' fees; all applicable interest; and any and all such other and further relief to plaintiff that this Court deems just and proper.

Dated:  New York, New York
        October 24, 2013

Yours, etc.,

PLAINTIFF MARIE E. PIERRE

LAW OFFICE OF MICHAEL L. FERCH

By: _____
    Michael L. Ferch [MF6211]
Attorneys for Plaintiff
280 Madison Avenue #912
New York, New York 10016
Tel:(212) 757-2520
Fax: (718) 972-4505
michael@ferchlaw.com

# EXHIBIT A

EEOC Form 161 (11/09)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Marie E. Pierre
1299 Eastern Parkway, Apt. 2B
Brooklyn, NY 11233

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 520-2013-01532
EEOC Representative: Maritza Rondon-Velazquez, Investigator
Telephone No.: (212) 336-3678

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Kevin Berry_      7/25/13
Kevin J. Berry,
District Director
(Date Mailed)

Enclosures(s)

cc: Christene Nation Jumpp
Director of Human Resources
KATERI RESIDENCE/ARCHCARE INC.
150 Riverside Drive
New York, NY 10024

Michael L. Ferch, Esq.
LAW OFFICE OF MICHAEL L. FERCH
280 Madison Avenue, Suite 912
New York, NY 10016