UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                   :

MARIE E. PIERRE,                    :
                                     :

                  Plaintiff,      :         1:13-cv-7499-GHW
                                     :

            -v -                 :       MEMORANDUM OPINION
                                     :            AND ORDER

ARCHCARE, INC.,               :
                                     :

                  Defendant.    :
                                     :
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/10/15

GREGORY H. WOODS, District Judge:

## I.     INTRODUCTION

Marie E. Pierre filed this case against her former employer, Archcare, Inc., on October 24, 2013, alleging discrimination on the basis of a disability under the Americans with Disabilities Act, 42 U.S.C. § 12112 and comparable New York State and City laws; discrimination on the basis of her age[1]; retaliation under Title VII and comparable New York State and City laws; and a hostile work environment under the New York City Administrative Code, § 8-107.

On November 26, 2014, defendant filed a motion for summary judgment, a Statement of Undisputed Facts as required by Local Rule 56.1, and affidavits and other supporting evidence. *See* Dkt. Nos. 32-36. Pursuant to the Court's October 28, 2014 order, Dkt. No. 31, plaintiff's opposition papers were due three weeks after the date of service of defendant's motion, or December 17, 2014. On December 24, 2014—almost a month after defendant filed its motion—having received no response of any kind from plaintiff, the Court issued an order stating:

> If plaintiff does not file an opposition in compliance with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the Court's Individual Rule 3(E) by Monday, December 29, 2014, the Court will treat defendant's

---

[1] As defendant points out in its Memorandum of Law in Support of its Motion for Summary Judgment, Dkt. No. 37, plaintiff did not include a separate cause of action for age discrimination in her complaint, but she asserted it in the first paragraph of the complaint and during her deposition.

> motion for summary judgment as unopposed and all statements of fact
> in defendant's Rule 56.1 submission as admitted.

Dkt. No. 39.  Having received no response from plaintiff as of the date of this opinion and order, the Court treats defendant's motion as unopposed and all statements of fact in defendant's Rule 56.1 submission as admitted.  For the reasons outlined below, the Court grants defendant's motion for summary judgment in its entirety.

## II.    BACKGROUND[2]

Ms. Pierre began working as a Certified Nurse's Aide at Kateri Residence, owned by defendant Archcare, on September 17, 2001, when she was 50 years old.  (SUF 2, 7, 8.)  She worked there continuously until her termination on October 10, 2012, including a six-week period of unpaid medical leave, from June 23, 2011 through August 7, 2011.  (SUF 10, 37.)  During this period of leave, Ms. Pierre received short-term disability benefits through her union, 1199 SEIU.  (SUF 38.)

While on medical leave, Ms. Pierre sent a letter to Archcare CEO Scott LaRue, complaining about her work assignment and alleged corruption at Kateri.  (SUF 20, 21.)  In response to this letter, Archcare conducted an investigation and concluded that based on her seniority, Ms. Pierre was eligible for a better work assignment.  (SUF 23, 24, 26, 29.)  At no time during the investigation did Ms. Pierre mention disability, age, or any other discrimination, nor did she complain about retaliation.  (SUF 25.)  As a result of the investigation, Ms. Pierre was given a better work assignment shortly after her return from medical leave, starting on August 7, 2011, when she was 60 years old.  (SUF 29, 30.)

Sometime in June or July of 2012, Ms. Pierre again requested medical leave, because she needed surgery on her foot, which was causing her pain.  (SUF 42, 51.)  When making her request, she did not say the surgery was for treatment of her diabetes.  (SUF 52.)  Christene Nation-Jumpp,

---

[2] Unless otherwise specified, facts in this section and throughout this opinion are taken from defendant's Statements of Undisputed Facts as filed in accordance with Local Rule 56.1 ("SUF").  Dkt. No. 36.

Kateri's Director of Human Resources, granted Ms. Pierre's request and told her she could take another unpaid leave of absence.  (SUF 5, 43, 49.)  Not wanting to take the unpaid time off, Ms. Pierre elected not to have the surgery and continued working at Kateri.  (SUF 53, 54.)

Archcare terminated Ms. Pierre effective October 10, 2012 for "resident neglect, jeopardizing the safety and welfare of a resident, and unacceptable performance."  (SUF 72, 73.) Her termination stemmed from an incident during her overnight shift on October 10-11, 2012, when, without following Archcare's policy for such incidents, she moved a resident into a wheelchair after a fall.  (SUF 55, 57, 58, 60.)  According to Archcare's policy—as articulated by Ms. Pierre during her deposition—before moving the patient, Ms. Pierre was required to have the patient assessed by a nurse and notify the charge nurse on duty.  (SUF 58, 59.)

Following a complaint from the patient who was improperly moved, Ms. Nation-Jumpp and Peter Hill, Archcare's Corporate Director of Human Resources, conducted an investigation of the incident.  (SUF 6, 61, 63, 65-68).  On the basis of their investigation, Ms. Nation-Jumpp and Mr. Hill concluded that Ms. Pierre had violated Archcare policy and that she should be terminated. (SUF 70, 71.)  At the time they made this decision, neither Ms. Nation-Jumpp nor Mr. Hill knew that Ms. Pierre had diabetes, and only Ms. Nation-Jumpp knew that she had requested medical leave—because Ms. Nation-Jumpp had approved the request.  (SUF 43, 75-79.)  Neither were Ms. Nation-Jumpp or Mr. Hill aware of any complaints of unlawful discrimination of retaliation made by Ms. Pierre.  (SUF 88.)  Ms. Nation-Jumpp testified in her deposition that Archcare has terminated other employees for similar conduct constituting patient neglect.  (SUF 74.)

## III.    LEGAL STANDARD

Defendant is entitled to summary judgment on a claim if it can show that "there is no genuine dispute as to any material fact and that [defendant is] entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  A dispute is

genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To defeat a motion for summary judgment, plaintiff "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). "[M]ere speculation or conjecture as to the true nature of the facts" will not suffice. *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citations and internal quotations omitted). Nor will wholly implausible alleged facts or bald assertions that are unsupported by evidence. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991); *Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir. 1986) (citing *Matsushita*, 475 U.S. at 585-86). The issue of fact must be genuine—plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586.

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)). The Court's job is not to "weigh the evidence or resolve issues of fact." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 254 (2d Cir. 2002). Rather, the Court must decide whether a rational juror could find in favor of the non-moving party. *Id.*

In considering an unopposed motion for summary judgment, the Court may consider any facts not properly addressed by the non-movant as undisputed, and may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). The Court may not simply enter a default judgment, but "must examine the movant's statement of undisputed facts and the [proffered] record support

4

and determine whether the movant is entitled to summary judgment." *Jackson v. Federal Express*, 766 F.3d 189, 197 (2d Cir. 2014). However the Court need not "write [an] elaborate essay[ ] using talismanic phrases"; "[a]ll that is required is a record sufficient to allow an informed appellate review." *Id.*

## IV.   DISCUSSION

Plaintiff's federal and state law discrimination and retaliation claims are subject to the familiar *McDonnell-Douglas* burden-shifting test, which requires that plaintiff first make out a *prima facie* case for each claim. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (disability discrimination claims); *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001) (age discrimination claims); *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (retaliation claims).

Because plaintiff did not respond to defendant's statement of undisputed facts, the Court deems those facts admitted under Federal Rule of Civil Procedure 56(e)(2). *See also Jackson v. Federal Express*, 766 F.3d 189, 194 (2d Cir. 2014) ("[A] non-response runs the risk of unresponded-to statements of disputed facts [proffered] by the movant being deemed admitted."). Upon examination of the undisputed facts and cited evidence, the Court finds that each of defendant's proffered facts is well-supported, many of them by plaintiff's own deposition testimony. Here, as in *Jackson*, plaintiff's case "collapsed with her deposition"; she bears the burden of proof and yet has "made no proffer with regard to any of her claims." *Id.* at 196, 197. There is no evidence to make out a *prima facie* case of disability discrimination, age discrimination, or retaliation, thus the Court grants defendant summary judgment as to those claims.

The provisions of the New York City Human Rights Law are interpreted more broadly, thus Courts must analyze such claims separately from state and federal discrimination and retaliation claims. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). For

discrimination claims, "plaintiff need only demonstrate by a preponderance of the evidence that she

has been treated less well than other employees because of her [protected characteristic]." *Id.* at 110.

For retaliation claims, "no challenged conduct may be deemed nonretaliatory unless a jury could *not*

reasonably conclude from the evidence that such conduct was reasonably likely to deter a person

from engaging in protected activity." *Id.* at 112 (emphasis added).  Even applying these more

generous standards, the Court finds that plaintiff has offered no evidence to support her claims of

discrimination, retaliation, or a hostile work environment under the New York City Human Rights

Law, thus the Court grants defendant summary judgment as to those claims.

### V.      CONCLUSION

Defendant's motion for summary judgment is granted.  The Clerk of Court is directed to

terminate all pending motions and to close this case.

SO ORDERED.

Dated:  January 10, 2015
New York, New York

_____
GREGORY H. WOODS
United States District Judge